IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS ALFORD,

       Plaintiff,                        CV F 07 0831 LJO WMW PC

       vs.                             ORDER DISMISSING COMPLAINT
                                       WITH LEAVE TO
                                       FILE AN AMENDED COMPLAINT

                                       (THIRTY DAY DEADLINE)

J. D. CLAY,

       Defendant.

     Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

     This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Correctional Institution at Tehachapi, brings this civil rights action against defendant Warden Clay, an employee of the CDCR at the Sierra Conservation Center at Jamestown.

     Plaintiff's sole claim in this complaint follows. "On 7-20-06 I arrived at S.C.C. and I had some of my property confiscated. In the process of getting it sent home, it was lost or stolen." Plaintiff alleges no other facts.

          To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

1

1  defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  <u>Leer</u>
2  <u>v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a
3  plaintiff must allege that: (1) a person was acting under color of state law at the time the
4  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
5  privileges or immunities secured by the Constitution or laws of the United States.  <u>Paratt</u>
6  <u>v.Taylor</u>, 451 U.S. 527, 535 (1981).

7      The statute plainly requires that there be an actual connection or link between the actions
8  of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v.</u>
9  <u>Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The
10 Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional
11 right, within the meaning of section 1983, if he does an affirmative act, participates in another's
12 affirmative acts or omits to perform an act which he is legally required to do that causes the
13 deprivation of which the complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.
14 1978).

15     Where a prisoner challenges the deprivation of a liberty or property interest, caused by the
16 unauthorized negligent or intentional action of a prison official, the prisoner cannot state a
17 constitutional claim where the state provides an adequate post-deprivation remedy.  <u>See</u>
18 <u>Zinermon v. Burch</u>, 494 U.S. 113, 129-30 (1990); <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984);
19 <u>Barnett v. Centoni</u>, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); <u>Raditch v. United States</u>, 929
20 F.2d 478, 481 (9th Cir. 1991); <u>Taylor v. Knapp</u>, 871 f.2d 803, 805 (9th Cir. 1989).  This rule
21 applies to the Fifth Amendment's Due Process Clause as well.  <u>Raditch</u>, 929 F.2d at 481.  Thus,
22 where the state provides a meaningful postdeprivation remedy, only authorized, intentional
23 deprivations constitute actionable violations of the Due Process Clause.  An authorized
24 deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
25 <u>Piatt v. McDougall</u>, 773 F.2d 1032, 1036 (9th Cir. 1985); <u>see</u> also <u>Knudson v. City of</u>
26

Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  In the instant case, plaintiff has not alleged any facts which suggest that the deprivation of his personal property was "authorized" under the definition above.  Plaintiff specifically alleges that the conduct was illegal and unconstitutional, and performed with malice.  The court therefor construes this action as one for an unauthorized, intentional deprivation of property.

Here, Plaintiff fails to charge the named defendant with any conduct.  Liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege that facts indicating that the Warden Claey participated in, or knew of and failed to prevent, the alleged wrongs.

The court finds the allegations in plaintiff's complaint vague and conclusory.   The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   April 28, 2008**              /s/  William M. Wunderlich
                                         UNITED STATES MAGISTRATE JUDGE

4