IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS ALFORD,

    Plaintiff,                                    1:07 CV 0831 LJO WMW PC

    vs.                                            FINDINGS AND RECOMMENDATION

J. D. CLAY, et al.,

    Defendanst.

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the July 31, 2008, first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Medical Facility at Vacaville, brings this civil rights action against defendant Warden Clay, an employee of the CDCR at the Sierra Conservation Center at Jamestown.

    In the order dismissing the original complaint, the court noted the following. Plaintiff's sole claim in this complaint follows. "On 7-20-06 I arrived at S.C.C. and I had some of my property confiscated. In the process of getting it sent home, it was lost or stolen." Plaintiff alleges no other facts.

        To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a

plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Where a prisoner challenges the deprivation of a liberty or property interest, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-30 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991); Taylor v. Knapp, 871 f.2d 803, 805 (9th Cir. 1989). This rule applies to the Fifth Amendment's Due Process Clause as well. Raditch, 929 F.2d at 481. Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). In the instant case, plaintiff has not alleged any facts which suggest that the deprivation of his personal property was "authorized" under the

definition above. Plaintiff specifically alleged that the conduct was illegal and unconstitutional, and performed with malice. The court therefore construed this action as one for an unauthorized, intentional deprivation of property.

In the first amended complaint, Plaintiff essentially restates the allegations of the original complaint. Plaintiff adds Sergeant Childs and Correctional Officer Venema. Plaintiff alleges that both of these defendants deprived Plaintiff of his property in contravention of rules and policy. As in the original complaint, Plaintiff has alleged an unauthorized deprivation of property. Because California has an adequate post-deprivation remedy, Plaintiff has no cognizable claim under § 1983 for the negligent or intentional deprivation of his property. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir.1994).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __April 8, 2009__     _____/s/  William M. Wunderlich_____
UNITED STATES MAGISTRATE JUDGE